3010799- LRB/NDM      I.D. 6278120

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JOHN LUTHER TALBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 09 C 5184 |
| CLERK OF THE CIRCUIT COURT OF | ) | |
| COOK COUNTY DOROTHY BROWN, CLERK | ) | |
| OF THE CIRCUIT COURT OF COOK | ) | |
| COUNTY DOROTHY BROWN'S | ) | |
| UNIDENTIFIED AGENT, JOHN DOE, COOK | ) | |
| COUNTY SHERIFF THOMAS J. DART, | ) | |
| COOK COUNTY SHERIFF THOMAS J. DART'S | ) | |
| UNIDENTIFIED AGENT, JIM DOE, | ) | Honorable Rubèn Castillo |
| | ) | |
| | ) | |
| Defendants. | ) | |

### FIRST AMENDED COMPLAINT

Plaintiff, JOHN LUTHER TALBERT, by his attorneys Lew R.C. Bricker, Nicole D. Meyer and SMITHAMUNDSEN LLC, and for his First Amended Complaint against CLERK OF THE CIRCUIT COURT OF COOK COUNTY DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY DOROTHY BROWN'S UNIDENTIFIED AGENT, JOHN DOE, COOK COUNTY SHERIFF THOMAS J. DART, COOK COUNTY SHERIFF THOMAS J. DART'S UNIDENTIFIED AGENT, JIM DOE, states as follows:

### PARTIES

1. Plaintiff is a resident of Chicago, Cook County, Illinois.

2. Defendant DOROTHY BROWN is the Clerk of the Circuit Court of Cook County, Cook County, Illinois and the employer and principal of John Doe.

1

3. JOHN DOE is an unidentified employee of the Clerk of the Circuit Court of Cook County Dorothy Brown. At all relevant times, JOHN DOE acted in the course and scope of his employment.

4. Defendant THOMAS J. DART is the Sheriff of Cook County, Cook County, Illinois and the employer and principal of Jim Doe.

5. JIM DOE is unidentified employee of the Cook County Sheriff Thomas J. Dart. At all relevant times, JIM DOE acted in the course and scope of his employment.

## JURISDICTION AND VENUE

6. This Court has jurisdiction in the case pursuant to 28 U.S.C. § 1331 because the claims in this action arise under 42 U.S.C. § 1983.

7. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTS

8. On or about May 29, 2009, John Luther Talbert was arrested in Chicago, Illinois for driving under the influence of alcohol and for driving on a revoked or suspended license.

9. Due to the above charges, on or about June 25, 2009, TALBERT was taken into custody by the Cook County Sheriff's Department.

10. TALBERT's prisoner identification number was 2009-0041551.

11. TALBERT was assigned the following case numbers: TP542554; TP542555; and TP542556.

12. TALBERT's sentencing hearing relative to the above charges was on July 16, 2009, and he pled guilty.

13. On July 16, 2009, TALBERT was sentenced to 60 days in the Cook County Jail with 27 days credit for time he had already served prior to the hearing.

14. That sentence was reflected in the court's half sheet and in the court's sentencing order.

15. Pursuant to §730 ILCS 130/3 (the "statute"), day for day credit should have been applied to TALBERT's sentence.

16. Accordingly, under the statute TALBERT should have been credited for serving 54 days of this sentence at the time of the court's sentencing.

17. Under the statute, TALBERT should have only had to serve six (6) more days before applying day for day credit under the statute.

18. Under the statute, TALBERT should have served only three (3) additional days of his sentence when applying day for day credit.

19. TALBERT should have been released from the Cook County Jail on July 19, 2009.

20. TALBERT was not released from the Cook County Jail on July 19, 2009, in accordance with the statute.

21. TALBERT informed the guards and/or other personnel at the Cook County Jail that he had served his time after three (3) days in accordance with the statute.

22. No representative of the Cook County Jail took any steps or measures to ensure TALBERT's release from the Cook County Jail in accord with the statute on or before July 19, 2009.

23. TALBERT was not released from the Cook County Jail until August 19, 2009.

24. Accordingly, TALBERT served an additional 30 days than what was required by his sentence and the statute when taking day for day credit in account.

3

25. Each defendant acted willfully and wantonly and with a conscious disregard and deliberate indifference to TALBERT's rights by not providing for this release under the statute after his three (3) days were served.

26. As a direct and proximate result of the acts of the defendants described above, TALBERT suffered damages including loss of physical liberty and emotional distress.

## COUNT I
### (U.S.C. § 1983-False Imprisonment)
### Cook County Clerk Dorothy Brown and John Doe

27. TALBERT re-alleges paragraphs 1 through 22 as if fully set forth herein.

28. The defendant, BROWN, through her agent, JOHN DOE, had a duty to release the plaintiff after his three (3) days were served under the statute.

29. The defendant, BROWN, through her agent, JOHN DOE, had a duty to abide by the statute, §730 ILCS 130/3, which was the "day for day good behavior credit" statute in effect at the relevant time.

30. The defendant, BROWN, through her agent, JOHN DOE, breached those duties.

31. The defendant, BROWN, through her agent, JOHN DOE, improperly prepared TALBERT's paperwork which caused the plaintiff to be detained for 30 additional days without legal justification or probable cause violating TALBERT's Fourth Amendment rights, as guaranteed by the Fourteenth Amendment.

WHEREFORE, the plaintiff, JOHN LUTHER TALBERT, respectfully asks this Honorable Court:

    a) Enter judgment against the defendants Clerk of the Circuit Court of Cook County Dorothy Brown and her agent, John Doe, in an amount in excess of $50,000.00;

    b) Award compensatory and punitive damages, as determined at trial;

    c) Award attorneys' fees and costs; and

d)     Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (U.S.C. § 1983-False Imprisonment)
### Cook County Sheriff Thomas J. Dart and Jim Doe

32. TALBERT re-alleges paragraphs 1 through 22 as if fully set forth herein.

33. The defendant, DART, through his agent, JIM DOE, had a duty to release the plaintiff after his three (3) days were served under the statute.

34. The defendant, DART, through his agent, JIM DOE, had a duty to abide by the statute, §730 ILCS 130/3, which was the "day for day good behavior credit" statute in effect at the relevant time.

35. The defendant DART, through his agent, JIM DOE, breached those duties.

36. Detaining TALBERT for 30 additional days without legal justification or probable cause violated TALBERT's Fourth Amendment right, as guaranteed by the Fourteenth Amendment.

WHEREFORE, the plaintiff, JOHN LUTHER TALBERT, respectfully asks this Honorable Court:

a) Enter judgment against the defendants, Cook County Sheriff Thomas J. Dart and his agent, John Doe, in an amount in excess of $50,000.00;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs; and

d) Award any further relief that this Honorable Court deems just and equitable.

SMITHAMUNDSEN LLC

JOHN TALBERT

S\ Lew R.C. Bricker
Attorneys for Plaintiff,
SMITHAMUNDSEN LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
ARDC No.: 6278120

Lew R.C. Bricker, ARDC No. 6206641
Nicole D. Meyer, ARDC No. 6289328
SmithAmundsen LLC
Attorneys for Plaintiff: John Talbert
150 N. Michigan Ave., Suite 3300
Chicago, IL 60601
Tel: 312-894-3200
Fax: 312-894-3210